## SAVANNAH COTTON MILLS *v.* CUNNINGHAM, administrator.

When an officer in a private corporation tenders his resignation,
whether demanded or not, and such resignation is coupled with
a notice that he will claim salary for a given time thereafter,
alleging that under resolutions of the stockholders he is en-
titled to continue in the exercise of such office to a given date,
such resignation takes effect on its acceptance by the company,
and such officer is not entitled to have his salary for the given
time, unless it appears that the conditions named bind the com-
pany for the payment of such salary. In this case it clearly
appears that the officer misconstrued the action of the stock-
holders, and under it the company was not bound for payment
of the continuing salary; and where the officer, under such cir-
cumstances, recovered a verdict, it was error not to have
granted the motion made by the defendant for a new trial.

Argued February 17,—Decided March 8, 1897.

Complaint. Before Judge Norwood. City court of
Savannah. February term, 1896.

*Charlton, Mackall & Anderson,* for plaintiff in error.
*Charles N. West,* contra.

LITTLE, Justice.

The question which arose in this case is, whether the in-
testate of defendant in error was entitled to recover from
the plaintiff in error his salary as its treasurer and general
manager from October 1st, 1895, to January 10th, 1896.
On the trial the jury returned a verdict for the plaintiff for
$800, and error is assigned upon the refusal of the presiding
judge to grant the defendant's motion for a new trial. This
motion was based on the grounds, that the verdict was con-
trary to law and the evidence; that the court erred in not
granting a nonsuit, as well as in certain instructions given
to the jury; and also erred in directing a verdict against the
defendant. The views which we take of this case reverse
the judgment of the court below; and in giving expression

: to such views, we find it unnecessary to consider the grounds of the motion for new trial in detail.

It is not disputed that the office of treasurer and general manager of the defendant's cotton mills expired by limitation of time on the third Wednesday in September of each year. The brief of evidence which appears in the record shows that on the 27th of June, 1895, the directors of the Savannah Cotton Mills passed a resolution changing the time of the annual meeting of the stockholders from the third Wednesday in September to the second Thursday in January of each year, and provided also that the officers of the corporation be elected in the next September to continue until the annual meeting in January thereafter. There was no election of officers in September at the time when the term of the officers expired, and on the 3d of October, 1895, the resignation of the plaintiff as treasurer and general manager was called for by the directors of the corporation. As there was no election held in September, and the term of office of the plaintiff expired on the third Wednesday in that month, unless the plaintiff was authorized to hold over, his rights and duties as such officer ceased on that day. It appears, however, that because of the failure to hold an election in September, the office of treasurer and general manager continued, without further action, to be filled by plaintiff until the 3d day of October, 1895, when his resignation was requested by the board of directors. On the 4th day of October, 1895, he replied to the request for his resignation by forwarding a communication to the president of the mills, in which, after acknowledging receipt of the request for his resignation, he replied in the following language: "At the last meeting of the stockholders a resolution was passed authorizing the present officers to hold over until the annual meeting which was appointed for January. Under this resolution I shall claim my salary until that time; and under these conditions, I herewith place my resignation in your hands." When he thus resigned and the resignation was ac-

cepted, the plaintiff ceased to be an officer of the corporation. That resignation, however, was, in law, qualified by any conditions which accompanied it, and was in no sense to be regarded as unconditional. A critical examination of the language in which the letter of resignation is couched shows two reasons as being the basis of the tendered resignation: first, that the stockholders had authorized the present officers, which included the plaintiff, to hold over until the annual meeting in January thereafter; second, that this being true, the plaintiff would claim his salary until such annual meeting; and that the resignation was given under these conditions. If the stockholders had in fact authorized the officers, including the plaintiff, to hold over until the succeeding January, such action would have had the effect of extending the term of the plaintiff until January, and, being otherwise silent, at the salary which he was then receiving; and the board of directors was put on notice that he would urge his claim for salary to that date, notwithstanding his resignation. It follows, that if the contention of the plaintiff was true, and that in compliance with the request of the corporation he tendered his resignation, he would, under the notice given, have had a right to demand and receive salary for this lengthened term. The resignation, as appears from the minutes of the meeting of stockholders on October 5th, was accepted on that date, and provision was at the same time made for a new treasurer and general manager. It appears also from the record, that the defendant, being present at the meeting, made a claim for salary to the first of January, which by the stockholders was referred to the board of directors to decide. The record states that an examination of the minutes shows that there was no meeting of the stockholders called under the resolution of June 27th, which provided for an election of officers to hold from September to the ensuing January. However this may be, so far as the plaintiff is concerned, he resigned his office on the 4th of October, and it was accepted on the 5th. One who

is entitled to hold an office of a corporation may ordinarily resign it at his pleasure, but being entitled, there is no obligation resting on him to make such resignation at the request of the corporate authorities. Should he do so, either with or without such request, it is voluntary action on his part, and in either case he ceases from the date of its acceptance to be an officer. The tender of such resignation, however, will be qualified by and subject to such conditions as may be coupled with the tender, and the general acceptance of it will be subject to the conditions so expressed.

Was the contention of the plaintiff correct, that the stockholders passed a resolution in June authorizing the officers of the corporation to hold over until January? By reference to the original action of the stockholders in June, it will be found that the annual meeting of the stockholders was changed from September to January; that the fiscal year should begin on the first of January, and that "the officers be elected in September to continue until January." This action of the stockholders does not support the contention of the plaintiff. This action taken by the stockholders in June, so far as the record discloses, did not authorize the then officers to hold over until January. On the contrary, it was contemplated by that action that an election would be held at the usual time in September for officers who would hold until January. This election was never held. The term of office expired in September, and hence the notice to the board of directors carried with it no right to demand or receive compensation as treasurer and general manager between the time of the expiration of his office in September and January, further than for the time which by acquiescence of the corporation he exercised the duties of the office, and the claim of salary to January is not supported by this action. It follows, that the court erred in refusing to grant a new trial on the ground that the verdict was contrary to law and the evidence in the case.

*Judgment reversed. All the Justices concurring.*